■ ALFRED W. PELTON, Respondent, v. ANTONIO TESTA et al., Appellants, et al., Defendant.— Defendants Testa appeal from a judgment of the Supreme Court entered in Albany County December 30, 1953, upon a jury verdict for plaintiff in a negligence action, the sole issue presented here being as to the weight of the evidence. Respondent's automobile, proceeding westerly on a two-lane highway, met and collided first with appellants' automobile and then with that of defendant Tutay. The trial court charged, without exception, that the jury's finding as to where the first collision occurred with reference to the center line would determine the issue of negligence. Respondent testified that the collision was on his side of the highway, appellant Frank Testa and his passenger placed it on their side and defendant Tutay said that he did not see it. No other eyewitnesses testified. It appears without dispute that after the accident respondent's car was completely on the pavement, facing the direction from which it had come; appellants' car was in part on the southerly shoulder, some two feet wide, headed diagonally off the highway, the front of the car resting on the guardrail and the left wheel being broken and lying under the car; and defendant Tutay's car being to the rear of appellants' automobile and also against the guardrail. Upon this state of facts and from the uncontradicted testimony that no marks were found upon the highway surface, appellants ask us to infer that the collision occurred on their side of the highway, contending that otherwise the axle of their car would have gouged or scarred the highway at or near the point where the cars collided. In our view, it was for the jury to determine the soundness of the inference so urged. To accept it, the jury would have had first to find that the damaged wheel broke off at the instant of the impact. Further, the jury might properly have found appellants' theory not entirely consistent with appellant Frank Testa's own testimony that his car, headed diagonally before the collison, continued thereafter in the same course some three feet, with sufficient force to break a concrete guard post, but left no mark upon the highway within the area it concededly traversed. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.